UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MADISON HORIZON PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-71 |
| ) | |
| TOWER MANUFACTURING COMPANY,) | |
| ROBERTSON INCORPORATED d/b/a ) | |
| TOWER MANUFACTURING ) | |
| COMPANY/CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Madison Horizon Partners, LLC ("Madison"), by counsel, for its complaint for damages against Defendants states as follows:

### JURISDICTION AND VENUE

1. Madison brings this action pursuant to Section 107(a) of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607(a) ("CERCLA"), for past costs incurred and future costs to be incurred by Madison in responding to releases of hazardous substances ("CERCLA claim"). This action further requests declaratory judgment against the defendants under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. The CERCLA Claim and request for declaratory judgment pose federal questions. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331. 42 U.S.C. §9613(b) also confers U.S. district courts with exclusive jurisdiction over all controversies arising under CERCLA, except in certain limited circumstances not presented here.

2. Madison also brings this action pursuant to Section 2 of Indiana's Environmental Legal Action statute, Ind. Code § 13-31-9-2 ("ELA"), for past costs incurred and future costs to be incurred by Madison in responding to the release of hazardous substances ("ELA Claim"). The ELA Claim is related to the CERCLA Claim so that it forms part of the same case or controversy; therefore, this Court has supplemental jurisdiction over the ELA Claim pursuant to 42 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391 because the site at issue is located in this Court's district and division and the releases or threatened release of hazardous substances that give rise to the claims in this action occurred in this Court's district and division.

## PARTIES

4. Plaintiff Madison Horizon Partners, LLC ("Madison") is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana.

5. Tower Manufacturing Company ("Tower II") is a dissolved Indiana corporation. Its principal place of business was in Madison, Indiana.

6. Robertson Incorporated, d/b/a Tower Manufacturing Company is a dissolved Ohio corporation. It identified its principal place of business as Springfield, Ohio.

## FACTUAL BACKGROUND

7. Madison owns property located at 1001 W. Second Street, Madison, Jefferson County, Indiana ("the Site"). Madison acquired the Site in 2017.

8. From approximately 1917 until 1976, Tower Manufacturing Corporation ("Tower I"), an Ohio corporation authorized to do business in Indiana, owned the Site and operated the Site, manufacturing tacks, nails and staples and other goods at the Site.

9. In 1976, Tower I was merged into Robertson Incorporated ("Robertson"), an Ohio corporation authorized to do business in Indiana.

10. Robertson registered two trade names with the Indiana and Ohio Secretaries of State: "Tower Manufacturing Corporation" and "Tower Manufacturing Company." Robertson operated under these trade names, holding itself out to the public as the "Tower Manufacturing Company" and/or the "Tower Manufacturing Corporation."

11. Robertson owned and operated the Site from approximately 1976-2001, manufacturing various goods there, including nails, tacks, rivets, wire, and hangers.

12. Robertson's operations included extruding, coiling, braiding, bluing, and plating and included machine maintenance. Robertson's plating operations generated EPA hazardous waste F008, which is described at 40 C.F.R. § 261.31 as "plating bath residues from the bottom of plating baths from electroplating operations in which cyanides are used in this process."

13. Robertson voluntarily dissolved in 2011.

14. Robertson had insurance coverage during at least part of the time that Robertson and Roberson's merger predecessor Tower Manufacturing Corporation owned and operated the Site that included liability coverage. This insurance likely provides substantial coverage for the release of hazardous substances that are the subject of this complaint. On information and belief, some policies and/or secondary evidence of policies still exist.

15. In 2001, Defendant Tower Manufacturing Company ("Tower II") acquired the Site from Robertson. Tower II owned and operated the Site from approximately 2001-2008.

16. Upon information and belief, Tower II continued to manufacture some of the same products, and used some of the same manufacturing equipment and processes and enaged in the same maintenance activities as Robertson.

17. Tower II was administratively dissolved by the Indiana Secretary of State in October 2010.

18. Tower II had insurance coverage during at least part of the time that Tower II owned and operated the Site that included liability coverage. This insurance likely provides substantial coverage for the release of hazardous substances that are the subject of this complaint. On information and belief, some policies and/or secondary evidence of policies still exist.

19. Environmental investigations for the Site have included an October 15, 1998 Phase II Site Investigation by Judge Environmental, a January 4, 2013 Phase I Environmental Site Assessment Report by Weston Solutions, Inc. an April 24, 2013 Summary of Phase II Site Investigation Activity by Weston Solutions, Inc., a March 2018 Further Site Investigation Report by EnviroForensics, and an October 26, 2018 Remediation Work Plan Addendum and Further Site Investigation by EnviroForensics (collectively, the "Environmental Investigations").

20. The Environmental Investigations have identified hazardous substances released at and from the Site including arsenic, cobalt, lead, manganese, naphthalene, benzo[a]pyrene, and trichloroethene. Further testing may reveal the existence of other hazardous substances at the Site.

21. On information and belief, defendants' manufacturing and/or waste disposal actions released and disposed hazardous substances into the surface and/or sub-surface soil and/or groundwater at the Site.

22. Plaintiff has entered into the Indiana Department of Environmental Management's Voluntary Remediation Program ("VRP") in order to address the release of hazardous substances and to remediate the Site. Plaintiff has incurred costs associated with the

investigation and remediation of the Site and will continue to incur response costs related to the VRP.

23. Madison's costs have been incurred in compliance with the National Contingency Plan ("NCP").

## COUNT I – CERCLA
## ALL DEFENDANTS

24. Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth herein.

25. The Site is a "facility" within the meaning of Section 101(9) of CERCLA. 42 U.S.C. § 9601(9).

26. Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA. 42 U.S.C. §9601(21).

27. Each of the defendants is a "person" within the meaning of Section 101(21) of CERCLA. 42 U.S.C. §9601(21).

28. The contaminants that have been detected at the Site are "hazardous substances" as defined by the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). 42 U.S.C. § 9601(14).

29. Defendants operated the Site at the time hazardous substances were released and disposed into the environment at and from the Site.

30. Defendants owned the Site at the time hazardous substances were released and disposed into the environment at and from the Site.

31. Plaintiff has incurred and will continue to incur necessary costs of response for which Defendants are liable.

32. Plaintiff's necessary costs have been incurred and will continue to be incurred consistent with the NCP.

33. Defendants are liable to Plaintiff under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), for any and all response costs incurred or to be incurred by Plaintiff as a result of the release and disposal or threatened release of hazardous substances at or from the Site.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendants for Count I of its complaint, for interests, costs, and fees as permitted by law, and for all other just and proper relief.

### COUNT II - ENVIRONMENTAL LEGAL ACTION
### ALL DEFENDANTS

34. Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment to recover reasonable costs of a removal or remedial action involving the hazardous substance. Ind. Code § 13-30-9-2.

36. During the course of Defendants' ownership and operation of the Site, the defendants caused and/or contributed to the release of hazardous substances into the surface and subsurface soil and/or groundwater at, below, and/or adjacent to the Site that pose a risk to human health and the environment.

37. The contaminants detected at the Site are hazardous substance as defined by Indiana's Environmental Legal Action statute. Ind. Code § 13-11-2-98.

38. Defendants caused or contributed to the release of hazardous substances into the soil and/or groundwater at the Site during their ownership of and operation at the Site, and

therefore Defendants are liable for the costs of removal and remediation at the Site. Ind. Code §§ 13-30-9-2 & -3.

39. As a result of Defendants' release of hazardous substances into the soil and/or groundwater at the Site, Plaintiff has incurred costs of removal and remediation, and will continue to incur removal and/or remedial action costs, for which Defendants are liable.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendants for Count II of its complaint, for interests, costs, and fees as permitted by law, and for all other just and proper relief.

### Count III – Declaratory Action under ELA
### All Defendants

40. Madison incorporates all previous paragraphs of the Complaint as if fully set forth herein.

41. An actual, substantial, legal controversy exists between Plaintiff and Defendants. Plaintiff seeks judicial declaration regarding the parties' respective rights and liabilities for response costs incurred and to be incurred by Plaintiff. Ind. Code § 34-14-1-1 *et seq*.

42. Judicial declaration will prevent multiplicity of actions; will effect a final resolution of these claims; and will facilitate a proper, fair, and expeditious environmental response to contamination at the Site.

43. Madison is entitled to judgment against all Defendants for past and future response costs incurred in connection with the Site.

WHEREFORE, Plaintiff seeks a judicial declaration that Defendants are and will be liable under the ELA for causing or contributing to the contamination at the Site, and that Defendants are liable for all Plaintiff's past and future environmental removal, remediation, and

response costs, and an award of interest and costs of suit, as well as all reasonable attorneys' fees and costs.

### Count IV – Declaratory Action – CERCLA
### All Defendants

44. Madison incorporates all previous paragraphs of the Complaint as if fully set forth herein.

45. There is a present and actual controversy between Plaintiff and Defendants concerning the parties' respective rights and obligations concerning the response costs associated with the Site.

46. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part, that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the…facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

47. Madison seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs.

48. Madison is entitled to judgment against all Defendants for past and future response costs incurred in connection with the Site.

WHEREFORE, Madison respectfully prays that the Court enter declaratory judgment against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs associated with the Site. Madison further requests that the Court award interest and costs of suit, all reasonable attorneys' fees and costs, and all other just and proper relief under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Madison Horizon Partners, LLC respectfully requests the Court (1) enter judgment in favor of Plaintiff against Defendants for its damages in an amount to be determined at trial, plus interest; (2) enter declaratory judgment in favor of Plaintiff that Defendants are liable for causing and/or contributing to the contamination at the Site, and are liable for the costs incurred and to be incurred by Plaintiff; and (3) all other just and proper relief.

Respectfully submitted,

**LEWIS & KAPPES, P.C.**

/s/ Richard S. VanRheenen
Richard S. VanRheenen, #2165-49
Alexander R. Carlisle, #34533-49
One American Square, Ste. 2500
Indianapolis, IN 46282
T: (317) 639-1210
F: (317) 639-4882
rvanrheenen@lewis-kappes.com
acarlisle@lewis-kappes.com
*Attorneys for Plaintiff*